UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEGAN CORETTA COCKFIELD,<br><br>                      Plaintiff,<br><br>v.<br><br>GEORGIA PINES BEHAVIORAL HEALTH CRISIS CENTER and TIFT REGIONAL MEDICAL CENTER,<br><br>                      Defendants. | Civil No. 3:26-cv-00254 (VAB) (TOF)<br><br>March 11, 2026 |

**RULING ON *IN FORMA PAUPERIS* MOTION AND**
**RECOMMENDED RULING ON INITIAL REVIEW OF**
**THE COMPLAINT UNDER 28 U.S.C. § 1915**

      Ms. Megan Coretta Cockfield, the plaintiff, brings this lawsuit against two health care facilities, Georgia Pines Behavioral Crisis Center and Tift Regional Medical Center ("the defendants") arising out of events that occurred in Georgia.[1] In her complaint, Ms. Cockfield claims that she was placed in a "mental facility" without her consent and held "captive for ten days without solid food."[2] She seeks $300,000 for the harm she says that she has been forced to endure.[3]

      Ms. Cockfield has also filed a motion for leave to proceed "*in forma pauperis*," or "IFP."[4] "*In forma pauperis*" is a Latin phrase meaning "in the form of a pauper," and plaintiffs who show that they are entitled to proceed that way may begin a lawsuit without paying the customary filing

---

[1]      Complaint, Docket No. 1, at pp. 1-2.
[2]      Complaint, Docket No. 1, at p. 2.
[3]      Complaint, Docket No. 1, at p. 4.
[4]      IFP Motion, Docket No. 2.

fees.[5] But a successful IFP motion "comes with a consequence."[6] "To ensure that plaintiffs do not abuse the privilege of filing a free lawsuit, a federal law instructs district courts to review IFP complaints and dismiss them if they are frivolous or malicious, fail to state a claim, or seek relief from someone who is immune."[7] The assigned District Judge, the Hon. Victor A. Bolden, therefore referred Ms. Cockfield's case to me—Magistrate Judge Thomas O. Farrish—to determine whether Ms. Cockfield is entitled to IFP status and, if so, whether her case should proceed or be dismissed.

I have carefully studied Ms. Cockfield's complaint and her IFP motion. Having done so, I conclude that she is entitled to proceed IFP, and I will therefore grant her motion for the reasons explained in Section I below. But I also conclude, for the reasons explained in Section II, that her complaint should be dismissed because she filed her lawsuit in the wrong court. I will accordingly recommend that Judge Bolden dismiss the complaint, without prejudice to an amended complaint or to a new complaint filed in a different court.

I. WHY THE *IN FORMA PAUPERIS* MOTION SHOULD BE GRANTED

In the first step of the required analysis, I will address whether Ms. Cockfield qualifies for IFP status. Plaintiffs must ordinarily pay $405.00 to start a civil lawsuit in the United States District Court for the District of Connecticut, composed of a $350.00 filing fee and a $55.00 administrative fee.[8] A plaintiff may have those fees waived, however, if she files an affidavit showing that she is "unable to pay such fees or give security therefor."[9]

---

[5] 28 U.S.C. § 1915(a).
[6] *Ortiz v. Tinnerello*, No. 3:22-cv-1318 (AWT) (TOF), 2023 WL 11842871, at *1 (D. Conn. Mar. 22, 2023), *report and recommendation approved and adopted*, slip op. (D. Conn. July 26, 2025).
[7] *Ortiz*, 2023 WL 11842871, at *1 (citing 28 U.S.C. § 1915).
[8] 28 U.S.C. § 1914; 28 U.S.C. § 1915(a).
[9] 28 U.S.C. § 1915(a).

2

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution,[10] but she does need to show that "paying such fees would constitute a serious hardship."[11] The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and [her] dependents with the necessities of life."[12]

Ms. Cockfield has demonstrated that she is unable to pay the court fees associated with her lawsuit. In her IFP motion, she asserts that she is unemployed and has been since May, 2014.[13] Her only source of income is from Social Security benefits totaling $994 per month.[14] In addition, she reports that she has no assets or property and $0 cash on-hand.[15] Lastly, her monthly obligations are roughly equivalent to her income.[16]

Under these circumstances, Ms. Cockfield is unable to pay the court fees because she has no financially-significant assets and her income does not exceed her expenses. Paying $405.00 would infringe on her ability to provide for herself the necessities of life, disrupting the balance she has been able to maintain between income and expenses and closing the courthouse doors to her simply because of her lack of resources. I therefore will grant the IFP motion.

---

[10]   *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).
[11]   *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007).
[12]   *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[13]   IFP Motion, Docket No. 2, at 3.
[14]   IFP Motion, Docket No. 2, at 3.
[15]   IFP Motion, Docket No. 2, at 4.
[16]   IFP Motion, Docket No. 2, at 5.

## II.   WHY THE COMPLAINT SHOULD BE DISMISSED

### A.   The Legal Principles Governing Section 1915 Review

As noted above, the granting of Ms. Cockfield's IFP motion "comes with a consequence."[17] Because IFP plaintiffs lack "an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits,"[18] a law known as 28 U.S.C. § 1915 instructs federal district courts to review their complaints and dismiss certain types of unmeritorious claims.  Under Section 1915, a complaint must be dismissed if the plaintiff's claim is outside the court's jurisdiction—that is, if it is the sort of claim that the court is not empowered by law to hear.[19]  One way that a claim is plainly unmeritorious is if it is brought in the wrong federal district court (*i.e.*, if "venue is improper").[20]  Another is if the court has no power to haul a specific defendant into court—if the court lacks "personal jurisdiction" over the defendant.

When a plaintiff appears *pro se*, the complaint must be construed liberally in her favor and must be held to a less stringent standard than formal pleadings drafted by lawyers.[21]  Put differently, because the law "is not meant to be a series of traps and travails" for *pro se* litigants,

---

[17]   *Ortiz*, 2023 WL 11842871, at *1 (citing 28 U.S.C. § 1915).
[18]   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).
[19]   *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (per curiam).
[20]   A court may dismiss an action *sua sponte* for improper venue after screening pursuant to 28 U.S.C. § 1915(e)(2) when it is "obvious from the face of the complaint and no further factual record is required" to determine that venue is improper.  *Cox v. Rushie*, No. 12-cv-11308-PBS, 2013 U.S. Dist. LEXIS 86794, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)) (dismissing plaintiff's complaint for improper venue after § 1915(e)(2) screening); *see also Debarros v. Frank*, No. 20-cv-260, 2020 U.S. Dist. LEXIS 170475, 2020 WL 5570005, at *8-9 (D.R.I. Sept. 17, 2020) (same); *Axcella Bldg. Realty Tr. v. Thompson*, No. 23-cv-40151-DHH, 2024 U.S. Dist. LEXIS 24373, at *5 (D. Mass. Jan. 25, 2024) (recommending same), *report and recommendation approved and adopted*, slip op. (D. Mass. Feb. 16, 2024); *but see Lewis v. Kirkeby*, No. 20-cv-10416-DJC, 2020 U.S. Dist. LEXIS 228985, at *5 (D. Mass. Dec. 7, 2020) (transferring case subject to § 1915 review because venue was proper in another district).
[21]   *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)*; Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

and because it does not aim "to dismiss potentially meritorious arguments because of the particularities of federal practice," *pro se* litigants like Ms. Cockfield are given a "special solicitude" that often "consists of liberal construction of pleadings [and] motion papers[.]"[22] In essence, complaints submitted by parties who are unrepresented by an attorney are not scrutinized in the same manner as those submitted by a licensed attorney.

All this flexibility has limits, however. First and foremost, even a *pro se* plaintiff must plead enough facts to plausibly state a claim upon which relief can be granted. As Judge Covello once wrote, "[a]lthough courts still have an obligation to liberally construe a *pro se* complaint," the complaint "must include sufficient factual allegations to meet the standard of facial plausibility."[23] Second, in determining whether the plaintiff has pled enough facts, courts cannot fill holes in her complaint by "invent[ing] factual allegations that [s]he has not pled."[24] Third and most relevant here, while a *pro se* complaint is entitled to a liberal construction, "that liberality does not stretch so far as to cause a court to hear a case that is outside its jurisdiction."[25] "Where jurisdiction is lacking . . . dismissal is mandatory."[26]

Because she does not have an attorney, I have given Ms. Cockfield's complaint every benefit of the doubt, and have read it in light of the strongest arguments that it suggests. In Section II.B below, I will consider in turn the two issues that Ms. Cockfield's complaint raises. In Section II.B.1, I will conclude that Ms. Cockfield's complaint has not been filed in the proper court. In

---

[22]    *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (citations omitted; internal quotation marks omitted).
[23]    *Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-1864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) (citation omitted).
[24]    *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).
[25]    *Hamm v. Baio*, No. 3:22-cv-401 (OAW) (TOF), 2023 WL 2867070, at *2 (D. Conn. Jan. 10, 2023), *report and recommendation adopted*, slip op. (D. Conn. Feb. 27, 2023).
[26]    *Yong Qin Luo*, 625 F.3d at 775 (internal quotation marks omitted).

Section II.B.2, I will show why this Court cannot exercise jurisdiction over the two specific defendants on the facts that Ms. Cockfield has pled.

**B.    Analysis of Ms. Cockfield's Complaint**

Congress has passed laws that control where plaintiffs can file federal lawsuits. There are basic principles of fairness behind these laws, and it is easy to see why. Imagine a scenario where a citizen of Georgia files a lawsuit in Alaska against his neighbor, simply to force his neighbor to travel to Alaska to defend himself. Likewise, if a small business has only one storefront location in Georgia, it might be unfair for someone who claims to have tripped and injured themselves at that company's storefront to file a lawsuit in Connecticut for those events that are alleged to have occurred in Georgia. In legal terminology, scenarios like these involve two distinct concepts: venue and personal jurisdiction. Both concepts dictate that this lawsuit be dismissed here in Connecticut.

*1.    Venue is improper*

Where a lawsuit has been filed in the proper court, we say "venue" is proper. Congress said, in 28 U.S.C. § 1391(b), that:

> A civil action may be brought in—
> (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

A plaintiff, then, can typically sue a defendant in the district in which that defendant resides. Likewise, if the events that gave rise to a plaintiff's claim occurred in a particular district, then venue is generally proper there. Lastly, if, for some reason, there is no district that is proper

according to either of these first two rules, then the plaintiff can bring a lawsuit in a district in which any defendant is subject to the court's personal jurisdiction.

Under these principles, venue for the events described in Ms. Cockfield's complaint might be in Georgia, but it would not be in Connecticut. The first defendant, Georgia Pines, has an address in Thomasville, Georgia.[27] The second defendant is Tift Regional Medical Center, located in Tifton, Georgia.[28] Because the defendants are both residents of Georgia, the only way that venue might be proper in Connecticut under 28 U.S.C. § 1391(b) would be if the events underlying the lawsuit occurred here. The events that Ms. Cockfield describes in her complaint, however, are alleged to have occurred entirely in Georgia. Ms. Cockfield's first claim is that she was taken to Tift Regional Medical Center and placed in a psychiatric ward. In her second claim, she says that she arrived at Georgia Pines and was then held there as well.[29] As Section 1391(b) makes clear, Ms. Cockfield cannot bring a lawsuit in Connecticut against two health services corporations based in Georgia for their actions in Georgia. The legal terminology under such a scenario is that "venue is improper" here in the District of Connecticut.

### 2. *The Court lacks personal jurisdiction over the defendants*

Federal courts can hear only those cases in which they have personal jurisdiction over the defendant. "Personal jurisdiction" refers to a court's power to exercise its authority over a particular defendant. A federal court may exercise personal jurisdiction over a defendant if (1) a state "long-arm statute" permits it to do so, and (2) the exercise of jurisdiction satisfies the constitutional requirements of due process.[30] The due process analysis has two components: "the

---

[27] Complaint, Docket No. 1, at p. 1.
[28] Complaint, Docket No. 1, at p. 2.
[29] Complaint, Docket No. 1, pp. 3-4.
[30] *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010).

'minimum contacts' inquiry and the 'reasonableness' inquiry."[31]  Here, the facts that Ms. Cockfield has pled show that the Court lacks personal jurisdiction over the two defendants.

To help Ms. Cockfield understand this point, I will begin with "long-arm statutes." Every state has a long-arm statute that authorizes its courts to exercise power over out-of-state defendants under certain circumstances.  The first step of the jurisdictional analysis accordingly asks whether the relevant state statute authorizes the court to exercise power in this instance.  Federal courts apply the long-arm statute of the state in which they sit,[32] and in this case, the relevant long-arm statute is Connecticut General Statutes § 33-929.[33]  That statute provides for four different avenues to sue a foreign corporation in Connecticut—none of which apply to a scenario in which a facility in Georgia allegedly harmed a Connecticut resident *in Georgia*.  In other words, the first step of the jurisdictional analysis asks whether the long-arm statute authorized the court to exercise power over the defendant, and here, the Connecticut long-arm statute does not authorize that exercise under the facts alleged in Ms. Cockfield's complaint.

---

[31] *Chloe*, 616 F.3d at 164; *see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (courts must ask whether a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'").

[32] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

[33] The relevant provision, § 33-929(f) provides: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

The same facts also show that the second step of the jurisdictional analysis is not satisfied – the due process step. Constitutional due process principles restrict the power of a state "to endow its courts with personal jurisdiction over foreign corporate parties" that are neither operating within a state nor organized under its legal framework, with respect to "matters not arising within the state."[34] Where a complaint points to events that have occurred outside Connecticut and that have no connection to Connecticut, and where the defendants are not alleged to reside in or have any connection to Connecticut, personal jurisdiction is lacking.[35] Based on the factual allegations made in this case, the court cannot exercise personal jurisdiction over the named defendants in Ms. Cockfield's complaint.

### III.  CONCLUSION

For the reasons set forth above, I recommend this matter be dismissed because of improper venue under 28 U.S.C. §1391, a lack of personal jurisdiction, as well as pursuant to 28 U.S.C. §1915(e)(2)(B). Ms. Cockfield, however, should be granted the opportunity to amend her

---

[34] *Brown*, 814 F.3d at 625.

[35] *Azubuko v. United States*, No. 3:09-cv-1818 (VLB), 2010 WL 1782149, at *2 (D. Conn. Apr. 29, 2010) (dismissing case for lack of both personal jurisdiction and venue pursuant to § 1915(e)(2)). *See also Brewer v. U.S. Fed. Gov't*, No. 3:23-cv-01442 (VAB), 2024 WL 5111977, at *3-4 (D. Conn. Dec. 13, 2024) (concluding that, pursuant to IFP analysis, as a "threshold matter, this Court lacks personal and subject matter jurisdiction" over claims against Michigan defendants); *Brunache v. Annucci*, No. 22-cv-196 (JLS), 2023 WL 146850, at *6 (W.D.N.Y. Jan. 9, 2023) (taking up venue analysis before considering how claims fare under § 1915(e)(2)); *Pellegrino v. Fallahee*, No. 19-cv-1412, 2021 WL 2666812, at * 3 (W.D.N.Y. June 28, 2021) (dismissing *pro se* complaint under 28 U.S.C. § 1915 (e)(2)(B) for lack of personal jurisdiction because the complaint was "comprised exclusively of claims arising out of alleged events that occurred in Florida in connection with citizens of Florida and local government entities"); *Zavalidroga v. Marshall*, No. 5:22-cv-112, 2022 WL 4115578, at *1-2 (D. Vt. Aug. 11, 2022) (denying motion to reconsider dismissal of case for lack of venue under § 1915(e)(2)); *Griffin v. Passport Ctr. LA CA*, No. 3:19-cv-953 (VAB), 2020 WL 491329, at *1 (D. Conn. Jan. 30, 2020) (dismissing case for both improper venue, under 28 U.S.C. § 1391(e), and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Schwarz v. I.R.S.*, 998 F. Supp. 201, 203 (N.D.N.Y. 1998) (same).

complaint—if she can—to bring it in line with the legal principles that I have outlined above.[36] Alternatively, Ms. Cockfield may file a complaint in the appropriate federal district court in Georgia if she believes she has a basis for doing so.

This is a Recommended Ruling by a United States Magistrate Judge.[37] If she wishes, Ms. Cockfield may file an objection to my recommendation with Judge Bolden. **Any such objection must be filed by March 30, 2026**, because (i) Federal Rule of Civil Procedure 72(b)(2) provides that objections must be filed within fourteen days; and (ii) District of Connecticut Local Rule of Civil Procedure 72.2(a) adds another five days for plaintiffs who, like Ms. Cockfield, will receive this Recommended Ruling by mail rather than by electronic notice.[38] If Ms. Cockfield does not file a timely objection, she may not thereafter assign as error any claimed defect in this Recommended Ruling. Failure to timely object will also preclude appellate review by the Court of Appeals.[39]

/s/ Thomas O. Farrish
Hon. Thomas O. Farrish
United States Magistrate Judge

---

[36] *See Martin v. Martin*, 250 F. App'x 438, 439 (2d Cir. 2007) (finding no reversible error in district court's dismissal without prejudice under § 1915(2)(2)(B)(i) for lack of personal jurisdiction "because the district court had twice afforded an opportunity to amend, because the dismissal here was without prejudice, and because there is no danger of plaintiff being barred from refiling his complaint by the statute of limitations"); *cf. also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (vacating dismissal of case *sua sponte* for lack of venue, but under circumstances in which leave to amend had not been allowed).

[37] *See* Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).

[38] On March 6, 2026, Ms. Cockfield filed a consent form to receive electronic notices (ECF No. 10), but she has not begun receiving them yet.

[39] *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. United States Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order).